# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2586 | **DATE** | 2/28/2003 |
| **CASE TITLE** | Minch, et al. vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 4/25/03 at 10:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion for clarification or, in the alternative, to reconsider the order dated 12/13/02 (82-1 &2).

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JAMES D. MINCH, et al.    )
                          )
         Plaintiffs,      )
                          )
    v.                    )  No.  01 C 2586
                          )
CITY OF CHICAGO, an Illinois )
Municipal Corporation,    )
                          )
         Defendant.       )

**MEMORANDUM OPINION AND ORDER**

James D. Minch and his fellow plaintiffs have filed this class action against their former employer, the City of Chicago ("City"), alleging that the City's Mandatory Retirement Ordinance ("MRO"), which obliged them to retire at age 63, violates the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and that the City deprived them of property without due process of law when it terminated them because of their age. An interlocutory appeal is currently before the Seventh Circuit on the question of whether the MRO violates the ADEA, and discovery on the ADEA claim is stayed pending the resolution of that appeal. See *Minch v. City of Chicago*, No. 02-2587 (7th Cir. filed Oct. 11, 2002). However, on December 13, 2002, I decided that written discovery should continue on the due process claim and ordered the City to answer the plaintiffs' requests for written discovery. Those requests inquired into the City's rationale for passing the MRO. The City now moves



for clarification or reconsideration of that order, or in the alternative for leave to file a response to plaintiffs' motion to compel, which was denied as moot. I deny the motions.

The City claims that it is confused by the following language in the December 13 order: "Defendant shall answer the requests for written discovery attached to defendant's motion." I am unable to see any ambiguity in this directive. The City explains that it has already complied with this order because it has responded to each request with either an objection or an answer. An objection is a response, but it is not an answer. The City was ordered to answer. It must do so.

The City then moves for reconsideration of the December 13th order on the grounds that the information sought is not relevant to the due process claim and that the outcome of the interlocutory appeal might affect the permissibility of such discovery. The first of these arguments has no merit. The information sought might indeed be relevant to a due process inquiry. The test for relevancy under the Federal Rules is extremely broad and permissive. Relevant material may "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978). The defendants have not shown that the material plaintiffs seek is irrelevant under this standard. In order to analyze whether a governmental action is in compliance

with the Due Process Clause of the Fourteenth Amendment, it is necessary to consider three factors: the private interest at stake, the risk to that interest from the governmental action, and the weight of the government's competing interests. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). While the City claims that the only governmental interest at stake here is the interest in the integrity of the collective bargaining process, the plaintiffs are entitled to inquire into other interests which may have prompted the passage of the ordinance. The City's answers to the requests for discovery in question may thus be directly relevant to a central, dispositive issue.

Nor does the pending Seventh Circuit appeal require that discovery be stayed on the plaintiffs' due process claim. While the ultimate opinion in that appeal may well offer insights that apply to matters outside the question presented, it is unlikely to render a final judgment on a question not before it, such as the appropriateness of discovery into the government's motives in a due process claim. Therefore, awaiting that opinion before proceeding with the plaintiffs' due process claim is likely only to delay this case even further.

Plaintiffs' motion to compel has been denied as moot, so the City's motion for leave to respond to that motion is likewise moot.

The motion for clarification or reconsideration is DENIED. The motion for leave to file a response to plaintiffs' motion to compel

is DENIED.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:     February 28, 2003