## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2586 | **DATE** | 1/3/2005 |
| **CASE TITLE** | Minch vs. City of Chgo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse side of this minute order, defendant City of Chicago's motion to dismiss is granted. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JAN 0 4 2005 | |
| | Notified counsel by telephone. | | | date docketed | 118 |
| ✓ | Docketing to mail notices. | | | JXM | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT | | |
| MW | courtroom deputy's initials | | 2005 JAN -4 AM 9:01 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES D. MINCH, RICHARD )
A. GRAF and RICHARD CONSENTINO,)
individually, and on behalf of a class )
of all individuals who are similarly )
situated, )
)
        Plaintiffs, )
)
        v. ) No. 01 C 2586
)
)
CITY OF CHICAGO, an Illinois )
Municipal Corporation, )
)
        Defendant. )

DOCKETED
JAN 0 4 2005

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's ("City") motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiffs are former Chicago firefighters that were subjected to mandatory retirement in December of 2000 in accordance with a Mandatory Retirement Ordinance ("MRO") enacted by the City in May of 2000. Plaintiffs filed a three

1



count complaint alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, (Count I), a federal due process claim (Count II), and a state due process claim (Count III). This action was consolidated with a similar action brought by City police officers and firefighters and the prior judge in this action certified a question for interlocutory review in regards to Plaintiffs' ADEA claims. The Seventh Circuit remanded the action back to this court and ordered that the court dismiss the ADEA claims. The City has now moved to dismiss the remaining due process claims in this action.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166,

1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a "cause of action."" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

The City argues that the remaining due process claims must be dismissed because Plaintiffs have not shown that they have been deprived of a property interest. The limitations of procedural due process "allow[] the government to deprive a citizen of 'life, liberty, or property' only in accordance with certain procedural protections. *Doe v. City of Lafayette, Ind.*, 377 F.3d 757, 768 (7th Cir. 2004). In order to succeed on a procedural due process claim a plaintiff must establish that there is: "(1) a cognizable property interest; (2) a deprivation of that

3

property interest; and (3) a denial of due process." *Hudson v. City of Chicago*, 374 F.3d 554, 559 (7th Cir. 2004)(quoting *Buttitta v. City of Chicago*, 9 F.3d 1198, 1201 (7th Cir. 1993)).

The City argues that any property interest that Plaintiffs had in continuing employment as a firefighter terminated when Plaintiffs turned sixty three. In regards to governmental employment "[t]he protections of the Due Process Clause apply to government deprivation of those perquisites of government employment in which the employee has a constitutionally protected 'property' interest." *Gilbert v. Homar*, 520 U.S. 924, 928 (1997). Plaintiffs argue that they base their property right in continued employment on the section of the Collective Bargaining Agreement ("CBA") that provides that the City "agrees that employees shall be disciplined and discharged only for cause." (CBA Sec. 16.2(B))(Ans. 6). However, such a provision clearly was in regards to disciplinary actions taken against employees and it is not applicable in the instant action because none of the Plaintiffs claim that they were forced into mandatory retirement as part of a disciplinary measure for misconduct. Also, Section 9.1(C)(3) of the CBA enables the City to terminate employment when the employee "[r]etires or is retired." (CBA Sec. 9.1) In Section 9.1(C)(3) there is no "just cause" provision as there is in Section 16.2(B) of the CBA which addresses disciplinary matters.

Plaintiffs also argue that their property interest can be based on the anti-discrimination section of the CBA which provides that the City "shall not

discriminate against any employee covered by this agreement because of race, creed, color, national origin, sex, age, religion, or political affiliation." (CBA Sec. 13.1). However, the Seventh Circuit, in ordering the dismissal of the ADEA claims, found that the MRO did not constitute age discrimination. Clearly the provision in the CBA referred to unlawful age discrimination for which the proper claim would be an ADEA claim. The CBA did not provide that the City could not set a mandatory retirement age or set such reasonable measures in regards to retirement. Therefore, we grant the City's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant the City's motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 3, 2005