IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES D. MINCH, RICHARD A. GRAF and RICHARD CONSENTINO, individually, and on behalf of a class of all individuals who are similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, an Illinois Municipal Corporation,<br><br>Defendant. | No. 01 C 2586 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated below, we deny Plaintiffs' motion for reconsideration.

## BACKGROUND

Plaintiffs in this action initially consisted of former City of Chicago ("City") firefighters that were subjected to mandatory retirement in December of 2000 in

1

accordance with a Mandatory Retirement Ordinance ("MRO") enacted by the City in May of 2000. Plaintiffs filed a three count complaint alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, (Count I), a federal due process claim (Count II), and a state due process claim (Count III). This action was ultimately consolidated with a similar action brought by City police officers and firefighters and the prior judge in this action certified a question for interlocutory review in regards to the ADEA claims. The Seventh Circuit remanded the action back to this court and ordered that the court dismiss the ADEA claims. The City subsequently moved to dismiss the remaining due process claims in this action against the Firefighter Plaintiffs ("Plaintiffs") and on January 3, 2005, we granted the City's motion to dismiss Plaintiffs' due process claims. Plaintiffs have brought the instant motion seeking a reconsideration of the court's January 3, 2005 ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust*

*Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

Plaintiffs' motion for reconsideration is improper for a variety of reasons. First of all, many of the arguments presented by Plaintiffs are completely new arguments that were not previously presented in opposition to Defendants' motion to dismiss. Although Plaintiffs' new arguments do not have any more merit than their previous ones, Plaintiffs are improperly utilizing their motion for reconsideration in an attempt to gain a second review of Defendants' motion to dismiss. As indicated above, it is improper to include arguments in a motion for reconsideration that could have been presented previously. A motion for reconsideration is also reserved for when a court has committed a manifest error of law. A motion for reconsideration is not available to parties so that they can ask the opposing party and the court to needlessly waste resources by litigating every motion twice. In the instant motion for reconsideration, Plaintiffs do little more than argue in hindsight based upon the

3

court's prior ruling, attempting to distinguish the court's prior ruling by posing a new set of arguments to see if the court will change its mind the second time around. Plaintiffs do not point to any manifest error or any basic misunderstanding of the facts at issue in this action. Instead, Plaintiffs argue that they disagree with the court's prior ruling and ask that the court alter its decision. We could deny Plaintiffs' motion for reconsideration on these bases alone. However, as Plaintiffs' new arguments clearly have no more merit than the first set of arguments, we will address them in an expeditious manner below.

Plaintiffs first argue that the court erred in finding that Plaintiffs lacked a protectable property interest in continued employment. Plaintiffs again argue that they have a right to continued employment based upon Section 16.2 of the CBA which indicates that Plaintiffs would only be fired "for just cause." (CBA Sec. 16.2(B)). As we explained in our prior ruling, Section 16.2 applies to disciplinary actions and is not applicable in the instant action because none of the Plaintiffs contend that they were fired for disciplinary reasons. Plaintiffs' first argument in regards to the court's ruling is that the prior judge in the action had ruled differently on the same issue. However, the prior judge clearly tied her determination regarding the Plaintiffs' due process claims to her ruling on the ADEA claims stating the following: "I have already concluded that the plaintiffs state a claim for a violation of the ADEA, so that they have also stated a claim for a violation of the City's contractual obligation to abide by the law." (3/25/02 Mem. 30). Since that ruling,

the Seventh Circuit ordered that the ADEA claims in this case be dismissed and thus, we subsequently ruled upon Defendants' latest motion to dismiss under different circumstances than the prior judge. Also, the ruling on Defendants' initial motion to dismiss in this regard is clearly contrary to the law as Plaintiffs have failed to allege a sufficient property interest to support the due process claims from the outset of this action.

Plaintiffs also argue that Section 16.2 of the CBA does not solely apply to disciplinary actions. We disagree. Plaintiffs have presented no new argument that draws into question the court's prior reasoning in this regard. Plaintiffs point out that Section 16.2 states that it deals with employees that are "disciplined and discharged." Plaintiffs highlight the word "and" in their brief and argue that the word "and" indicates that Section 16.2 applies to more than simply disciplinary actions. However, we are not convinced that the word "and" in the above phrase supports Plaintiffs' position or that it justifies the strained inference that Plaintiffs seek to draw from the word in Section 16.2. Section 16.2 provides that the City "agrees that employees shall be disciplined and discharged only for cause." CBA Sec. 16.2(B)). Section 16.2 is clearly intended to address disciplinary actions only. Section 9.1(C)(3) of the CBA, which provides for the termination of employment when an employee "[r]etires or is retired," is applicable in the instant action and there is no "just cause" provision in Section 9.1 and in Section 16.2. (CBA Sec. 9.1).

Plaintiffs again argue that Section 9.1(C)(3) does not apply to Plaintiffs' due process rights and ask that the court "reject the City's request to judicially rewrite the 'is retired' language in" Section 9.1 of the CBA. (Mot. 5). First of all, this argument illustrates the impropriety of the instant motion for reconsideration because the court has already agreed with Defendants' position and has ruled in Defendants' favor. Plaintiffs' argument that the court should reject the City's argument is thus untimely. Regardless, Plaintiffs' instant argument on this issue is without merit. It is the court, rather than Plaintiffs, that applied the plain and explicit language of the CBA in a logical manner in making its decision and it is Plaintiffs that attempt to twist the text of Section 9.1 to present their own interpretation in their favor. Plaintiffs' arguments are based upon unsupported inferences that are contrary to the explicit language of the CBA.

Plaintiffs next argue that the fact that the Seventh Circuit dismissed Plaintiffs' ADEA claims does not mean that Defendants did not discriminate against Plaintiffs because of their age. However, Plaintiffs' argument flies in the face of the Seventh Circuit's ruling in this action. Despite Plaintiffs' protests to the contrary, the Seventh Circuit clearly found that the MRO did not constitute age discrimination. Thus, not only are Plaintiffs improperly utilizing the motion for reconsideration to bombard this court with arguments on the motion to dismiss, Plaintiffs are also continuing to challenge the Seventh Circuit's prior ruling in this action.

Plaintiffs next complain that the court "appears to have relied upon" some

arguments that Plaintiffs contend were first presented by Defendants in their reply brief. (Mot. 10). First of all, Plaintiffs are incorrect when they presume what the court relied upon in forming its decision. The court did not rely on the arguments that Plaintiffs now complain about in Defendants' reply brief. Secondly, the arguments contained in Defendants' reply brief were clearly not new arguments, but rather were in direct response to the arguments made by Plaintiffs in their answer to the motion to dismiss. Thus, there was nothing improper in regards to the arguments in Defendants' reply brief. Third, Plaintiffs have attempted to manipulate the motion for reconsideration process in order to obtain a second review of Defendants' motion to dismiss. Plaintiffs have thus presented all of their new arguments subsequent to the filing of Defendants' reply brief and we note that the arguments included in Plaintiffs' motion for reconsideration would not have caused the court's prior ruling to be altered.

Plaintiffs' final argument is to simply refer to the motion to dismiss standard and ask the court to find that there are potential facts in this action that might form the basis of a claim. We abided by the appropriate legal standard when ruling on Defendants' motion to dismiss and specifically acknowledged in our prior ruling that the allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under such a standard, we found a dismissal appropriate and Plaintiffs

7

have pointed to no new facts that would alter our prior ruling. Although the federal notice pleading standard is liberal in this regard, Plaintiffs are still required to allege the operative facts in their complaint. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998). This court cannot, as Plaintiffs propose, allow an action to proceed past the pleadings stage based solely upon unreasonable inferences extracted from the pleadings and unfounded speculation. Were the pleading requirements such that a court could not dismiss an action unless there were no possible claims when subjected to the unbounded imagination of the parties and the court, no action would ever be dismissed. Plaintiffs have not met the pleading requirements under the federal notice pleading standard and we properly dismissed their due process claims.

We also note that, in a footnote of Plaintiffs' motion for reconsideration, Plaintiffs ask leave to file an amended complaint to correct the obvious deficiencies in their complaint. Such a request is improper since this case has been terminated. This action has gone on for nearly four years, including an appeal to the Seventh Circuit and a ruling by that court instructing this court to dismiss certain claims from the complaint. Plaintiffs are not entitled to rewrite their complaint and begin anew at this juncture after the case has been terminated. Therefore, we deny Plaintiffs' motion for reconsideration and we deny Plaintiffs' request to amend their complaint as moot.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiffs' motion for reconsideration. All other pending motions are denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 10, 2005